STATE, Respondent v. GERBER, Appellant

(241 N.W.2d 720)

(File No. 11696. Opinion filed May 13, 1976)

**Marc Weber Tobias**, Asst. Atty. Gen., Pierre, for plaintiff and respondent; **William J. Janklow**, Atty. Gen., Pierre, on the brief.

**Thomas P. Tonner**, of **Maynes, Tonner & Maynes**, Aberdeen, for defendant and appellant.

DUNN, Chief Justice.

Defendant Gerber appeals from convictions for driving while intoxicated and possession of a controlled substance. Both charges arose as a result of a search of his automobile by law enforcement officers. He contends that the court erred in not suppressing certain evidence which was obtained in that search. We affirm.

The record reveals that on December 5, 1974, a call was received at the headquarters of the Division of Criminal Investigation in Pierre from an unknown person. The caller talked about possible drug violations in and around Hoven, South Dakota. This information was relayed to D.C.I. Agent Jerry Baum. On December 7, 1974, Baum received a message to call a certain telephone number in Hoven, South Dakota. He was told by an anonymous person that the defendant was collecting money from high school students in Hoven and planned to travel to Watertown, South Dakota, to purchase drugs and transport them back to Hoven.

Later that same day, Baum received a call from an anonymous person. That person gave him a description of the car the defendant would be driving, the license plate number and the names of the persons who would be traveling to Watertown with the defendant.

Baum relayed this information to state trooper Dick Siedschlaw in Watertown with a request that he keep a lookout for a car matching the description of defendant's vehicle. Siedschlaw called Baum around 7 p.m. on December 7, 1974, and advised him that the automobile in question had entered Watertown at about 5 p.m. that evening and was presently parked outside a residence in Watertown which was known for drug activity. Siedschlaw called Baum again on December 8th and told him that the persons in the defendant's automobile had spent the night at the residence in Watertown and were seen leaving town at 9 p.m. heading west on Highway 20.

Baum secured a warrant to search defendant's vehicle from the justice of the peace of Potter County. The warrant was based solely on the following affidavit submitted by Baum:

"Jerry Baum, Special Agent Division of Criminal Invistigation, (sic) State of South Dakota, being first duly sworn on oath, desposes (sic) and says that he has reason to believe and does believe that certain in-dividuals known to be Clifford Gerber, Rocky Brehmer, Dan or Donald Hegeman, and A Benson (first name unknown) have or will have in their possession a con-trolled narcotic; drug or substance in excess of the amounts allowed or permitted by law; that the narcotic; drug or substance will be on the persons of the above named persons or concealed in a 1972 Mercury 4 dr. HT green automobile, Serial No. 2H1ON521403, South Dakota License No. 54-2777, 1974 owned by Clifford Gerber; that affiants department at Pierre, S. Dak. received two anonomous (sic) telephone calls from a woman at Hoven, South Dakota advising that Clifford Gerber was callecting (sic) money from various kids in Hoven for the purpose of going to Watertown to pick up a load of drugs; that on Saturday, December 7, 1974 af-fiant received another call from Hoven to the effect that Clifford Gerber and the other three persons named above had left Hoven for Watertown, South Dakota; that as a result of such information affiant contacted the State Patrolman at Watertown who later advised af-fiant that the above vehicle, with four occupants arrived at Watertown at about 5:00 p.m. on December 7, 1974 and were parked in front of a dwelling at 1st Ave. and 11th St. S.E. in Watertown, a dwelling known to authorities to have had a prior history of drug activities; that affiants information is that the said occupants will be returning to Hoven, South Dakota on this date, Sun-day, December 8, 1974.

"Affiant further says that the above is what he bases his belief upon and he has personal knowledge of said facts and believes that a search of the said outomobile, (sic) and particularly those areas of an automobile wherein narcotics, drugs or a controlled substance could be concealed, and of the persons of the occupants of said vehicle, will produce quantities of nar-

cotics, drugs, or controlles (sic) substances.

"Wherefore, affiant herein prays that a search warrant be issued out of this Court and that the said automobile and its occupants, when it returns to Potter County,, (sic) South Dakots, (sic) be ordered searched as provided by law for the items above mentioned."

The automobile carrying the defendant and the other occupants was stopped when it entered Potter County in the early morning hours of December 9, 1974. A search was made of the automobile and its occupants. Controlled substances were found on defendant's person and in the vehicle. These substances were introduced into evidence at defendant's trial over his strenuous objections. Defendant was driving the vehicle when it was stopped and he was also arrested for driving while intoxicated. A subsequent blood test revealed that defendant's blood alcohol content was .14%.

Defendant argues that the court erred in not suppressing the evidence seized when the vehicle was stopped and the results of his blood test. He maintains that the search warrant was invalid because there was no probable cause for the justice of the peace to issue it and therefore the evidence was illegally seized by Baum and the other officers.

It can be said without resort to citation that searches and seizures by law enforcement officers can be predicated only upon probably cause. When a search warrant is applied for, the police must demonstrate to a neutral and detached magistrate that there is probable cause to justify a search of a suspect's person, his house, or his automobile. If there is insufficient probable cause, the evidence seized in violation of the suspect's rights under the Fourth and Fourteenth Amendments must be suppressed.   Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

In reviewing the determination of probable cause by the justice of the peace, we must consider only the evidence which was presented in support of the search warrant. Rice v. Wolff,

1975, 8 Cir., 513 F.2d 1280; Iverson v. State of North Dakota, 1973, 8 Cir., 480 F.2d 414; McCreary v. Sigler, 1969, 8 Cir., 406 F.2d 1264. In this case the only evidence presented to the justice of the peace was the affidavit of agent Baum set out above.

Defendant urges that the affidavit here falls short of the information required for probable cause to issue a search warrant under Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

Baum's affidavit was based to a great degree on information supplied by unnamed informants. The affidavit does not set out the names or any information about the informants or their interest in the case. The affidavit does set out that the D.C.I officer had received two anonymous telephone calls from a woman in Hoven advising that Clifford Gerber was collecting money from various kids in Hoven for the purpose of going to Watertown to pick up a load of drugs. The affidavit further sets out that on December 7, 1974, the affiant, Mr. Baum, received another call from an individual in Hoven to the effect that Clifford Gerber and three other persons had left Hoven headed toward Watertown. This informant gave the names and descriptions of the occupants of the automobile and an exact description of the automobile. The affidavit also indicated that this information was passed on to a Highway Patrolman at Watertown who corroborated much of the information by stating that the automobile as described and carrying four individuals as described had arrived in Watertown about 5 p.m. on December 7th and was parked in front of a dwelling at First Avenue and Eleventh Street Southeast in Watertown, a dwelling known to authorities to have a prior history of drug activity.

From this the committing magistrate had to make his finding of probable cause for a search warrant. He could eliminate some questions about the informants. They were not paid police informers or professional snitches looking for a few bucks, and they were not victims of any crime. By the same token, adopting the commonsense approach suggested in State v. Haron, 1974, 88 S.D. 397, 220 N.W.2d 829, the very fact that these people had made at

least three long distance telephone calls from Hoven as to Gerber's activities in collecting money from the kids to buy drugs in Watertown would indicate that they were concerned citizens seeking only to protect the kids of Hoven. This being true, these people should not be put to the same harsh Aguilar-Spinelli rule of demonstrating credibility and reliability. Naturally, they had no track record with the police department as to reliability on prior occasions. Their desire for anonymity is understandable in view of the dire consequences that come to informants or the children of informants from the drug pushers. Yet, are magistrates forced to ignore this accurate information coming from these people because they have been intimidated into anonymity? We think not. All of the information furnished as to the exact description of the automobile, the ownership of the automobile, the occupants of the automobile, and as to their leaving Hoven for Watertown on December 7, 1974, was corroborated by the Highway Patrolman before this warrant was issued. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

As a choice between some of the despicable paid informants (generally addicts themselves) used to obtain information on drug pushing and anonymous tips from concerned citizens, the latter would seem to engender more confidence and should not be discouraged by the courts. Admittedly, the D.C.I. agent could have drawn a more thorough affidavit to at least include the added information that he testified to at the suppression hearing; however, as pointed out in Haron, affidavits for search warrants are to be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. Considering all of the information in the affidavit, and the corroboration of much of the information furnished by the unnamed informants, the magistrate was justified in considering the information received from anonymous sources for the purpose of probable cause to issue a search warrant.

Once we conclude that the magistrate was justified in considering the anonymous informants reliable, there seems to be sufficient underlying circumstances to justify his finding of probable cause. The information as to Gerber collecting money from the kids in Hoven to buy drugs in Watertown would seem to be

sufficient underlying circumstances to go along with the known information of the actual trip to Watertown which ended at a residence known for prior drug activity in Watertown.

Defendant argues that the record at the suppression hearing does not bear out the allegation in the affidavit of prior drug activity at this address, as one Watertown police officer testified that no arrests had been made at or near this residence; however, we are passing here on the magistrate's probable cause for issuing a search warrant based *on the affidavit alone*. Rice v. Wolff, Iverson v. State of North Dakota, and McCreary v. Sigler, all supra. Whether the information from the Watertown authorities upon which Baum made his sworn statement was predicated on some continuing investigation by the Watertown authorities is unimportant. Suffice to say that the affidavit did not have to be based on proof of actual arrest to be considered by the magistrate in finding probable cause.

█ Probable cause does not require that the magistrate have before him legal evidence of the suspected act. It is enough if the apparent facts brought to his attention would lead a reasonably discreet and prudent person to believe that drugs would be found in the automobile.

█ Finally, it should be noted that search of a motor vehicle on the open highway has never been held to the high standards required of a search of a home. Motor vehicle searches have been justified under circumstances that would not justify the search of a home.

> " '[A]utomobiles and other conveyances may be searched without a warrant in circumstances that would not justify the search without a warrant of a house or an office, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize.' Chambers v. Maroney, 1970, 399 U.S. 42, 48, 90 S.Ct. 1975, 1979, 26 L.Ed.2d 419, 426." State v. Opperman, 1975, 89 S.D. 25, 228 N.W.2d 152 at 156.

Under all of these circumstances, we cannot say that the trial

court erred in concluding that the magistrate had probable cause to issue the search warrant.

Gerber's appeal on the DWI charge is based on the same lack of probable cause to stop and search the automobile which resulted in his arrest and conviction on the drug charge.

Accordingly, the judgment of the trial court is affirmed on both the drug and DWI charges.

WINANS and WOLLMAN and COLER, Justices, concur.