**STATE of South Dakota, Plaintiff and Appellant,**

v.

**David NOLLSCH, Defendant and Respondent.**

**No. 12289.**

Supreme Court of South Dakota.

Dec. 29, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Curtis S. Jensen, of Gunderson, Farrar, Aldrich, Warder & Demersseman, Rapid City, for defendant and respondent.

PORTER, Justice.

## CASE SUMMARY

Defendant was arrested after a search by Vermillion Police and Clay County Sheriff's Deputies found a large amount of controlled substances in his automobile. He moved to suppress the fruits of the search, and the trial court granted the motion. The state has brought this intermediate appeal. We hold that the affidavit before the magistrate was insufficient to raise probable cause, because it did not disclose sufficient underlying facts and circumstances from which the magistrate could find that contraband was probably contained in the searched automobile. We also hold that the search cannot be justified under the movable vehicle exception to the search warrant requirement. We therefore affirm the trial court's order suppressing the fruits of the search, and remand the case for further proceedings.

## FACTS

On November 22, 1978, an informant told the Vermillion Chief of Police that an automobile parked in downtown Vermillion had been used to transport approximately forty pounds of marijuana from Rapid City to Vermillion. The informant also told the Chief of Police that the informant had personally seen some "pound bags" in this car that same afternoon. The source of this information has never been disclosed. Nothing in the affidavit indicates that the informant ever told the Chief of Police what was in the "pound bags."

After receiving the information, the Chief of Police directed one of his officers to drive to the location where the informant said the car would be parked. There was an automobile fitting the description given by the informant at that location. It had Pennington County license plates. The officer copied the license number and the Chief of Police found, through this number, that the vehicle belonged to defendant. The Chief then called the Rapid City Police Department and some unidentified person in that Department related that defendant had a "community reputation in the Rapid City area as being heavily involved in the drug traffic in that area."

This information was recorded in an affidavit, sworn to by the Chief of Police, and a law-trained magistrate issued a warrant to search the automobile. When the police returned to the place where the automobile had been, it was gone. Acting on information from the same informant, the police proceeded to a farm near Meckling where they found the automobile. Defendant came out of the farmhouse, was shown the warrant, and went back into the house to get the keys. The trunk was, however, open, and the officers searched it. A large amount of controlled substances and $7,420.00 in cash were found.

Defendant was charged, and he moved to suppress the fruits of the search. The trial court granted the motion. The State has brought this intermediate appeal.

## ISSUES

*Issue One*: Was there probable cause to support the issuance of the search warrant?

*Issue Two*: Was the search proper under the movable vehicle exception to the search warrant requirement?

## DECISION

*Issue One*:

█ We conclude that there was no probable cause to support the issuance of the search warrant.

The Fourth Amendment to the United States Constitution[1] and Article VI, Section 11 of the South Dakota Constitution[2] protect against unreasonable searches and seizures, and require warrants for most searches. Such warrants can issue only upon a showing of probable cause, and must be issued by a neutral and detached magistrate, *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

█ When the informant is not identified and not himself before the magistrate, the magistrate must be informed of some of the underlying facts and circumstances from which the informant concluded that contraband was where he said it was, and of some of the underlying facts and circumstances from which the police concluded that the informant was credible. *Aguilar v. Texas,* 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964). *See also Franks v. Delaware,* — U.S. —, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *State v. Kissner,* S.D., 252 N.W.2d 330 (1977); *State v. Glidden,* S.D., 246 N.W.2d 779 (1976); *State v. Gerber,* S.D., 241

N.W.2d 720 (1976); *State v. Haron,* 88 S.D. 397, 220 N.W.2d 829 (1974). The informant in this case was not named, and he was not before the magistrate. The affidavit in support of the search warrant did not allege that he was a citizen informant or a victim, or that he had any means for obtaining inside knowledge. His information must thus be evaluated under the two-pronged *Aguilar-Spinelli* test, since he can be described as "[a] disembodied wraith, arising in the magistrate's visualization only from the words of the affidavit, . . ." *State v. Roth,* S.D., 269 N.W.2d 808, 811 (1978).

The only underlying fact or circumstance revealed in the affidavit from which the magistrate could have concluded that contraband was in the searched vehicle is that the informant personally saw some "pound bags" in the car. Personal observation will satisfy the first *Aguilar-Spinelli* prong. *State v. Glidden,* supra. We entertain considerable doubt, however, whether seeing "pound bags" is the equivalent of seeing contraband itself. The magistrate apparently interpreted "pound bags" to mean a package with about one pound of marijuana in it. Without more, however, it is equally probable that the packages contained some harmless substance. The affidavit contains no mention of marijuana or any vegetable material. The magistrate testified that he based his determination of probable cause on the affidavit alone. We conclude that further information should have been sought on the reason why the informant believed there was contraband in the car.

We need not, however, rest our holding solely on the failure to include sufficient facts indicating criminal activity. We also believe that the second prong of the *Aguilar-Spinelli* test is not satisfied. Under this

---

1. United States Constitution, Amendment 4:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

2. South Dakota Constitution, Article VI, § 11:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated, and no warrant shall issue but upon probable cause supported by affidavit, particularly describing the place to be searched and the person or thing to be seized.

prong, the affiant must disclose some underlying facts and circumstances indicating that the informant is credible, or that the police have independently verified some of the details of his story, which verification indicates that the story can be believed. *See State v. Kissner*, supra. The informant can be shown credible by showing that he is a "citizen informant," *State v. Gerber*, supra, or by showing that he has a record of giving reliable information in the past, *State v. Kissner*, supra. There were no such facts or circumstances in this case.

■ The second prong may also be satisfied by independent police corroboration of the informant's story. *State v. Kissner*, supra. Suspicious details of the suspect's actions consistent with the informant's story are sufficient. *Harris* and *Kissner* also hold that a suspect's reputation may be *considered* in the determination of probable cause. It is, in itself, insufficient, *Nathanson v. United States*, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). The issue before us is, then: What information is required to elevate reputation to probable cause? The State contends that reputation, according to these cases, is sufficient for probable cause if combined with innocent activity that corroborates the informant's story. We are guided by the facts and holdings in the prior cases. In *Kissner,* supra, no evidence of the suspect's reputation was before a magistrate. In *Harris,* supra, reputation was bolstered by declarations of an informant against the informant's penal interests. This was also the case in *State v. Roth*, supra. In *Harris* there were also specific facts from which the magistrate could infer the suspect's reputation. The affiant-officer also had personal knowledge of the suspect's reputation. In none of these cases was entirely innocent-seeming activity combined with mere allegations of a bad reputation to produce probable cause. We believe that the affidavit in this case bears a striking resemblance to that in *Spinelli v. United States*, supra. There as here, bald accusations of a bad reputation were combined with innocent-seeming activity. The affidavit was held insufficient, and the result of that case was approved by

at least five justices in *Harris,* supra. All of these cases indicate that for a bad reputation to ripen into probable cause for a warrant, more is required than an anonymous informant's tip that is consistent with some of the suspect's innocent-seeming activity.

We also have serious doubts as to whether defendant's supposed reputation in this case is entitled to great weight. In *Harris,* supra, and *United States v. Regan*, 525 F.2d 1151 (8th Cir. 1975), underlying facts and circumstances that led the police to conclude that the suspect had a bad reputation were set out in the affidavit. The *Harris* affidavit stated that the suspect had been caught with contraband at least one other time. In these cases, the reputation alleged was also within the personal knowledge of the affiant-officer. The affiants had previously investigated the suspects whom they were accusing of having bad reputations. None of these factors are present here. The assertion that someone in the Rapid City Police Department said that defendant had a bad reputation does not give sufficient reason to suspect that he was engaged in criminal activity at the time in issue. Since the affiant had no knowledge of the suspect's reputation, the magistrate had no opportunity to question him about the reasons for the reputation. The magistrate was thus given no opportunity to find out what information the police relied on in forming their opinion of defendant's reputation.

We conclude, therefore, that the affidavit did not establish probable cause to issue a warrant. The evidence was thus not properly seized under this warrant.

*Issue Two :*

■ We also conclude that the search was not proper under the movable vehicle exception to the warrant requirement.

■ In order to justify a warrantless search of an automobile, there must be probable cause to search and there must be exigent circumstances justifying dispensing with the warrant. *Chambers v. Maroney,*

399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Powless,* S.D., 265 N.W.2d 143 (1978). The probable cause required is at least as great as that required for a magistrate to issue a search warrant, *Whiteley v. Warden of Wyoming Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

Since we found in *Issue One* above that there was not probable cause to issue a warrant, there can be no probable cause for the warrantless search unless more information was in the hands of the police than was before the magistrate. The State argues that the fact that its informant was able to lead the police to the Meckling farm provides additional corroboration. We conclude, however, that this is only additional innocent-seeming activity. It provides no further corroboration for the suspicious aspects of the informant's story. The information is thus equally insufficient under the *Aguilar-Spinelli* probable cause standards.

## CONCLUSION

For the reasons stated, we hold that the search of defendant's automobile violated the . prohibitions against unreasonable search and seizure of the United States Constitution, Amendment Four and the South Dakota Constitution, Article Six, Section Eleven. The evidentiary fruits of the search must, therefore, be suppressed. The trial court's order granting suppression is affirmed, and the case is remanded for further proceedings.

ZASTROW and MORGAN, JJ., concur.

WOLLMAN, C. J., and DUNN, J., dissent.

DUNN, Justice (dissenting).

I dissent from the majority opinion. I would hold that the affidavit did establish the requisite probable cause for the issuance of a search warrant.

In reviewing the affidavit, we should not invalidate the search warrant by interpreting the affidavit in a hypertechnical man-

ner. *State v. Kaseman,* 1978, S.D., 273 N.W.2d 716 (opinion filed December 22, 1978). The affidavit states that information was received that a specifically described automobile which was to be found at a specific location in Vermillion had been used to bring a load of about 40 pounds of marijuana to Vermillion from Rapid City and was owned by David Nollsch. The affidavit further stated that the informant had personally seen some pound bags in the automobile. The description and location of the automobile was verified by Vermillion police officers. The Rapid City origin of the automobile was verified by the Pennington County license plates on the automobile. The name of the registered owner, David Nollsch, was verified by a license check. The information that marijuana had been brought to Vermillion from Rapid City was corroborated by a telephone call to the Rapid City police department which revealed that Nollsch had a community reputation as being heavily involved in the drug traffic in the Rapid City area.

A realistic and common sense interpretation of the affidavit can only result in a finding of probable cause for the issuance of a search warrant. There need not be a showing of probative evidence rising to the nature of that admissible in a trial for conviction of a criminal defendant but, rather, a showing of probability of criminal activity. Such a probability was shown on the affidavit before the magistrate.

The trial court admitted that the affidavit produced a "close question" on the probable cause for the search of the Nollsch automobile and that its decision to suppress the evidence obtained from the search borders on hypertechnical interpretation of the affidavit. Resolution of marginal cases should be largely determined by the preference accorded to warrants, and every reasonable inference possible should be drawn to support the determination of probable cause by the magistrate. *State v. Kaseman,* supra.

I would reverse the order of the trial court suppressing the evidence obtained in

the search of the Nollsch automobile and remand the case to the trial court for a trial on the merits.

I am authorized to state that Chief Justice WOLLMAN joins in this dissent.