519 So.2d 400 (1988)
STATE of Louisiana, Appellee,
v.
Jimmy HUDGINS and Rose Hudgins, Appellants.
No. 19322-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1988.
Stay Order Vacated; Writ Denied March 18, 1988.
*402 Geary Aycock, West Monroe, for appellants.
William J. Guste, Jr., Atty. Gen., James A. Norris, Jr., Dist. Atty., George Ross, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
NORRIS, Judge.
Defendants, Jimmy Hudgins and Rose Hudgins, were originally charged with possession *403 of marijuana with intent to distribute, LSA-R.S. 40:966. After their motion to suppress certain physical evidence was denied both defendants entered a Crosby plea to attempted possession of marijuana with intent to distribute, reserving their right to contest the denial of their motion. L.S.A.-R.S. 40:966; 40:979; State v. Crosby, 338 So.2d 584 (La.1976). Jimmy Hudgins was sentenced to serve four years at hard labor and fined $2000 plus costs, default time one year. Rose Hudgins was sentenced to four years at hard labor and fined $500 plus costs; the hard labor sentence was suspended and she was placed on five years supervised probation. Both defendants appeal the denial of their motion to suppress and Jimmy Hudgins appeals his sentence as excessive.
On October 8, 1985 Officer Joe Stewart of the Crime Stoppers unit of the Monroe Police Department received a call from an informant who said that within the last 24 hours he had seen approximately two pounds of marijuana in the possession of the "Hutchinsons" at their residence in Eros, Louisiana. The informant stated that the marijuana was being offered for sale. The informant described the residence in some detail and also described various vehicles parked on the side of the residence. In response to questioning the informant said that he had supplied information to the Crime Stoppers Unit in the past and gave Stewart the number he had been assigned and details of the prior contacts, which Stewart verified. Detective Joe Stewart then contacted Deputy Billy Meyers of the Metro-Narcotics Unit, and both officers proceeded to the residence described by the informant. After corroborating the location and description given to them by the informant, the officers, armed with this information, swore an affidavit in support of a search warrant. The probable cause is based on the following:
Within the last twenty-four (24) hours your affiant has been contacted by a reliable confidential informant (RCI) who stated to your affiant that in this same 24-hour period, the RCI had the opportunity to be at the described residence located at Jack Crowell Rd., West Monroe, La., the residence of Jimmy and Rose Hutchinson.
The RCI advised that while at the residence, the RCI observed approximately two pounds of marijuana. The marijuana was in the possession of Jimmy and Rose Hutchinson and was being offered for sale. The information supplied by this RCI has proven to be true and correct due to past information received from this RCI has resulted in five (5) felony arrests, the outcome of the arrests are still pending.
This RCI has proven knowledge of Controlled Dangerous Substances in the following manner. The RCI contacted your affiant, advising your affiant of the location of a quantity of marijuana being cultivated. Your affiant went to the location provided by the RCI and located a quantity of marijuana being cultivated. The information provided by the RCI resulted in the arrest of two person on possession and cultivation charges.
The affidavit was then presented to Judge Bleich of the Third Judicial District Court who was acting "pro tempore" in the Fourth Judicial District Court. A search warrant was issued and executed. The search produced from 20 to 30 pounds of marijuana and packaging material. Both defendants were subsequently arrested and charged.

MOTION TO SUPPRESS
Defendants claim that the trial judge improperly denied their motion to suppress evidence confiscated during the search.
They first assert that Detectives Stewart and Meyers intentionally misled the judicial official who issued the warrant by not specifically[1] informing him in the affidavit that their informant had supplied *404 information via the Crime Stoppers Program, and therefore was an "anonymous" informant, known to Officer Stewart only by a number.
Intentional misrepresentation to a magistrate by a police officer, in an affidavit in support of the issuance of a search warrant, constitutes a fraud on the courts and represents impermissible overreaching by the government; thus, a warrant based on an affidavit containing intentional misrepresentation must be quashed. State v. Rey, 351 So.2d 489 (La.1977). A defendant bears the burden of going forward on an allegation that an application for a search warrant contains intentional misrepresentation such as would render it invalid. State v. Smith, 397 So.2d 1326 (La.1981).
In refusing to suppress the evidence the trial court obviously found that the officers did not intentionally mislead the magistrate. The trial court's ruling on this matter is entitled to great weight on appeal. We agree that the evidence does not support a claim of intentional misrepresentation.[2] Testimony at the hearing on the motion to suppress indicates, at best, only inadvertence on the part of the officers in preparing the affidavit.[3]
The defendants next contend that the magistrate should have been advised in the affidavit that the informant, referred to as a reliable confidential informant in the affidavit, was in fact a Crime Stoppers informant; and that had the magistrate known that fact the affidavit would not have established probable cause and the warrant would not have been issued. No warrant shall issue without probable cause supported by oath or affirmation. U.S.C. A.-Const. Amend. 4; La. Const. Art. 1, § 5 (1974). A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. C.Cr.P. Art. 162. Essential facts for establishing probable cause to issue a search warrant must be contained in the affidavit. State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984); State v. Westfall, 446 So.2d 1292 (La.App. 2d Cir.1984), writ denied 450 So.2d 957 (1984). A magistrate's determination of probable cause to issue a search warrant should be paid great deference by reviewing courts. State v. Klar, 400 So.2d 610 (La.1981).
While the evidence does not prove intentional misrepresentation, the officers did omit the fact that the informant was a Crime Stoppers informant. When the affiant has made a negligent, but unintentional, omission of relevant facts which might have affected the issuing magistrate's decision on probable cause the Supreme Court has taken the approach of requiring the reviewing court to add the additional information and retest the sufficiency of the remaining facts to establish probable cause. State v. Lehnen, 403 So.2d 683 (La.1981).
The first question we must consider is whether the Crime Stoppers information was relevant and should have been included *405 in the affidavit in support of the search warrant. The magistrate must base his determination of probable cause in part on the nature of the informant. This also determines the amount of corroboration needed to show the informant's reliability. When the informant is an anonymous person who routinely provides the police "tips," there must be some specific showing that the informant is a credible person and that his information is reliable; contrarily, citizen informants are presumed to be credible. State v. Morris, 444 So.2d 1200 (La.1984). Therefore, the classification of the type of informant is critical to the magistrate's analysis of the informant's reliability and the determination of probable cause.[4] We conclude that the information is relevant; the officers should have specified that the informant was calling through the Crime Stoppers program and provided any necessary information regarding his reliability.
This being the case, we must retest the affidavit with the additional information to determine if a showing of probable cause is made. State v. Lehnen, supra. Here, the informant was able to provide Stewart with his Crime Stoppers information number and details of his previous contacts with Crime Stoppers. Stewart was able to confirm that on at least five previous occasions the informant had given information that had led to arrests, and been rewarded for it. This informant is much more in the nature of a confidential informant who has furnished reliable information in the past than a concerned citizen or an anonymous tipster.
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the U.S. Supreme Court established a "totality of circumstances" approach to determine whether an informant's tip establishes probable cause for issuance of a warrant. The court explained that the task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of a reviewing court under Gates is to assure that the magistrate had a substantial basis for concluding that probable cause existed.
If the basis for the existence of probable cause for a search warrant is a tip from an unnamed informant, the affiant must articulate a basis for his belief that the informant is trustworthy. This may be done by showing circumstances where the informant has given reliable information in the past. State v. Duncan, 420 So.2d 1105 (La.1982). Here, upon receiving the information and the number previously assigned to the informant, Detective Stewart searched the Crime Stoppers files for instances where this informant had provided information in the past. The search revealed that this informant had provided reliable information leading to several arrests in the past. Two of these arrests were for the cultivation of marijuana. Thus, it appears the informant knew how to identify marijuana and correctly did so in this case. Stewart had been the contacting agent for the previous calls, and Meyers had used information provided by the informant at least once before. These facts are sufficient to establish the reliability of an unidentified informant. No requirement exists, as defendant contends, that these arrests must have resulted in convictions. State v. Richards, 357 So.2d 1128 (La.1978).
Under the circumstances of this case the addition of information specifically identifying the informant here as a "Crimestopper's informant" and providing the basis for his reliability does nothing to detract from a finding that probable cause existed for the search. When we retest the affidavit with the additional information, State v. *406 Lehnen, supra, we conclude that a magistrate could have found probable cause to issue a warrant under the Illinois v. Gates test of totality of the circumstances.
This assignment does not present reversible error.

ASSIGNMENT OF ERROR NO. 2
Defendant Jimmy Hudgins asserts in his second assignment of error that the sentence imposed upon him was excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The record clearly shows an adequate factual basis for the sentence imposed. A review of the pre-sentence investigation report indicates that the defendant, Jimmy Hudgins, has a lengthy misdemeanor record and several of his prior arrests and convictions are drug or alcohol related. In sentencing this defendant, the court noted that leniency and suspended sentences had not worked with him in the past and that criminal conduct would be likely to recur if this defendant was placed on probation. The court specifically found that the defendant was in need of correctional treatment that could be most effectively provided by his commitment into an institution, and further found that any lesser sentence would deprecate the seriousness of his offense.
A reviewing court must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
Defendant, Jimmy Hudgins, anticipates that he will have to serve the maximum time provided for because of his "probable inability to pay the fine." He contends that maximum sentences are to be reserved for the most serious violations and the worst offenders, and that he is not such an offender. As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through the plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La. App. 2d Cir.1984).
A search of the defendant's house produced from 20-30 pounds of marijuana. The trial court was convinced that the sale of such marijuana was producing either "primary or secondary income." Before *407 defendant pled guilty to attempted possession of marijuana with intent to distribute, he was facing the possible imposition of a ten year sentence and a $15,000 fine. In the plea bargaining negotiations the defendant was able to reduce his maximum exposure by half. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
We conclude the trial court did not abuse its broad discretion in imposing on Jimmy Hudgins a sentence of four years imprisonment at hard labor and a fine of $2,000 or in default thereof, one year in jail.
CONVICTIONS AND SENTENCE AFFIRMED.
NOTES
[1] Counsel for the State points out that Detective Stewart, one of the affiants, identified himself as a member of the Crime Stoppers Unit. We cannot conclude that that was sufficient to give the magistrate notice that an informant was using the Crime Stoppers program to deliver the information. The magistrate should not be required to interpret subtle nuances and indirect information.
[2] Our conclusion that the omission of this information was unintentional was in large part bolstered by the fact that our search of Louisiana and other jurisdictions revealed no cases specifically addressing the question of whether the information should be included in an affidavit. Now that the point has been clarified, however, we would expect a much closer scrutiny of any omission of the informant's use of the Crime Stoppers program and the reasons the officers considered that particular informant to be reliable.
[3] Q. Det. Stewart, I've got to ask it, is there ... you know, what reason did you have for not disclosing it in your oath in support that this was a Crime Stopper, and what that Crime Stopper's number is?

A. There's no reason, I think in the basis of the search warrant itself it says that I'm a detective for the Crime Stoppers of Ouachita, Inc., thereby also me being the affiant on the search warrant, I had no reason not to include that. It has been included in past Crime Stoppers search warrants, the number of the Crime Stoppers informant.
Q. You have included it in previous oaths in support?
A. Yes, it has been.
Q. But you chose not to include it in this one?
A. Through oversight or whatever, it was not included, I won't say I chose not to.
[4] For example, in State v. Gerber, 90 S.D. 432, 241 N.W.2d 720 (1976), anonymous concerned citizens made at least three long distance phone calls to warn the police about an upcoming drug buy; their reliability was deemed sufficient. The court reasoned that the callers were not police informers, professional "snitches," or victims of a crime, but they should be preferred to paid informants. Undoubtedly many persons calling Crime Stoppers would fall into this category, being treated more as citizen informants than merely anonymous tipsters.