HIGHTOWER, Judge.
Following trial before a twelve member jury, defendant, Alvis Allen, accused by bill of information with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, was found guilty as charged. After a pre-sentence investigation, he was sentenced to six years at hard labor, the first year to be served without benefit of parole, probation or suspension of sentence.
This appeal ensued with defendant reserving five assignments of error. However, only one assignment has been briefed, a contention of excessive sentence, and the other four are deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4. For the reasons hereinafter expressed, we affirm.
FACTS
At approximately 11:00 p.m. on January 15, 1988, the police were contacted when a homeowner detected suspicious activity at a nearby residence on Rochester Street in Shreveport. At the home of an out-of-town neighbor, the inside lights were on and thpse in the carport had been turned off. Defendant was noticed going in and out of the house, as well as pacing back and forth from the house to the street corner, all seemingly to ascertain if his activities were being detected. Finally, defendant was observed leaving the dwelling with a television set.
When the authorities arrived, they found a second individual, Jessie Burns, carrying a pair of speakers from the residence. Burns was apprehended and gave a statement in which he detailed defendant’s complicity in the burglary and his attire. In particular, it was mentioned that Allen had worn Crown Royal whiskey bags on his hands to avoid leaving fingerprints. Burns had been armed with a small pistol, a weapon allegedly entrusted to him by defendant during the commission of the crime. Finally, Burns pointed out defendant’s residence only a few houses away.
The officers then proceeded to that location, placed defendant under arrest, and secured a consent to search the home. The described clothing and whiskey bags were discovered, and the television set was found in the backyard of defendant’s neighbor.
DISCUSSION
The test used to evaluate an allegation of excessiveness of sentence is two-pronged. First, the record must show that cognizance was taken of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). The present record clearly discloses consideration and articulation of the pertinent factors.
At the sentencing hearing, the trial judge noted that defendant, a 22 year old who possessed no criminal record, was married and the father of five children for whom his incarceration would entail hardship. Also, defendant endured poor health as a child, taking medication for several years to control a seizure problem he developed after being hit by a car. During his high school years, blindness was discovered in his left eye.
A 1984 high school graduate, defendant studied electronics for approximately a year. In addition, he claimed to have be.en employed by the Southland Corporation during the summer of 1985 and by a gro- *193 eery store for four months in 1987. He was engaged with a roofing company from January until May of 1988, and when the presentence investigation occurred he was working in the kitchen of a Shreveport area motel. Hence, the record discloses that all of defendant’s few jobs had been of short duration.
While cognizant of the foregoing factors, the trial court decided that defendant was likely to commit another crime. Such a conclusion was prompted, in some part, by his continued protestations of innocence in the face of overwhelming evidence of guilt.
In the second step of our analysis, we must determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). It is well settled that the sentencing judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
Clearly, this offense was not conceived on the spur of the moment. Instead, although occurring in a brazen manner, it was committed with a degree of planning and preparation. The use of protective hand covering to avoid fingerprints additionally suggests that the defendant is not a novice to the details of residential burglary. Of equal importance, the testimony of the accomplice, from whom a handgun was taken, establishes the elements of an aggravated burglary, LSA-R.S. 14:62.
The crime of which defendant was convicted provides for a hard labor sentence of one to twelve years; however, one year without probation, parole or suspension of sentence must be served. LSA-R.S. 14:62.-2. Hence, under any permissible sentence, defendant would have been ineligible for parole consideration for a year. Under the sentence actually imposed, defendant may be considered for parole after serving one-third of his sentence, i.e., two years. LSA-R.S. 15:574.4A(1). Thus, the practical effect of defendant’s sentence is to delay his parole eligibility for one additional year. Such an outcome is not overly onerous since, as previously mentioned, the elements of an aggravated burglary, a much more serious offense, are presented.
The accomplice, who was not the instigator and appears to be the less culpable offender, was sentenced to three years at hard labor. Furthermore, as observed by the trial court, the fact that the defendant continues to maintain his innocence, despite overwhelming evidence of guilt, is not an insignificant factor. Indeed, such an attitude, i.e., a refusal to acknowledge criminal conduct, could well indicate a propensity to again commit such acts.
In light of the foregoing discussion, even considering defendant’s personal history and family situation, the sentence imposed is not an abuse of the trial court’s wide discretion. Being thus not excessive, the sentence is affirmed, as is the conviction.
CONVICTION AND SENTENCE AFFIRMED.