|.GASKINS, J.
The defendant, Robert Lewis Hardy, Jr., appeals as excessive his sentence to 30 years at hard labor and a fine of $250,000.00 following his conviction by a jury of possession of cocaine in excess of 400 grams, a violation of La. R.S. 40:967(F)(l)(c). The conviction and sentence are affirmed.
*1250 FACTS
On June 11, 2000, at approximately 8:00 a.m., the defendant was observed by law enforcement officials following closely behind another vehicle on 1-20 while traveling at approximately 70 m.p.h. The defendant was stopped for following too close. When he got out of his vehicle, he seemed nervous and would not make eye contact with the officer. The defendant, who had a Florida driver’s license, at first said that he had wrecked his truck in Dallas and had rented the car to return to Florida. He then said that he had been to Dallas to visit a girlfriend.
The officer asked the defendant if there was anything in the car that shouldn’t be there. He said there was not and offered to let the officer look in the car. The defendant then initialed a consent to search form. A black bag was found in the trunk of the car which the defendant acknowledged belonged to him. The bag was found to contain two bundles of suspected cocaine which weighed approximately 2.92 kg.
The defendant was arrested, charged, and convicted by a jury of possession of cocaine in excess of 400 grams. Following review by the court of a presentence investigation (PSI) report, the defendant was ordered to serve 30 years at hard labor and to pay a fine of $250,000.00, the | ^mandatory minimum sentence for this offense. In default of payment of the fine, the defendant was ordered to serve one year in jail.[1] He was given credit for time served.
The defendant filed a motion to reconsider sentence which was denied. The defendant then appealed, claiming that the trial court failed to comply with La. C. Cr. P. art. 894.1 in articulating the reasons for the sentence. He also claimed that the sentence was excessive.
DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of |3offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, supra; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
In sentencing the defendant, the court noted that it reviewed the PSI. The report reflected that the defendant, a native of Florida, was a first felony offender. The defendant was 30 years old at the time of sentencing. He grew up in a stable two-parent home. The defendant had a high school education and graduated from jun *1251 ior college in 1998. He worked throughout most of his career as a truck driver. He claimed to have an eight-year-old son.
The defendant gave conflicting stories to the police officers, but never accepted any responsibility for the crime. He initially said he wrecked his car in Dallas and rented the one he was driving. Later, he claimed that, after having an argument with his girlfriend in Dallas, he stayed at the home of one of her male friends. The defendant contended that he did not know this person’s name and that the man must have put the cocaine in his luggage without the defendant’s knowledge. The rental car he was driving was rented to Juanita McDonald.
The second test is whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly 14disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
It is a well-established principle that it is the legislature’s prerogative to determine the length of the sentence for crimes classified as felonies. State v. Dorthey, supra. A minimum sentence compelled by Louisiana law is presumed not to be excessive or violative of the guidelines. State v. Drane, 36,230 (La.App.2d Cir.9/18/02), 828 So.2d 107. Courts are charged with applying a statutorily mandated punishment unless it is unconstitutional. State v. Dorthey, supra; State v. Felder, 2000-2887 (La.App. 1st Cir.9/28/01), 809 So.2d 360, writ denied, 2001-3027 (La.10/25/02), 827 So.2d 1173. Although the supreme court stated in State v. Dorthey, supra, that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Ponsell, 33,543 (La.App.2d Cir.8/23/00), 766 So.2d 678, writ denied, 2000-2726 (La.10/12/01), 799 So.2d 490; State v. Sewell, 35,549 (La.App.2d Cir.2/27/02), 811 So.2d 140.
 In State v. Johnson, 1997-1906, (La.3/4/98), 709 So.2d 672, the supreme court also held that the burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, a defendant must clearly and convincingly show that he is exceptional, which, in this context, means that, because of unusual circumstances, this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. State v. Johnson, supra; State v. Sewell, supra.
At the time of the commission of this offense on June 11, 2000, the penalty for possession of more than 400 grams of cocaine called for a term of imprisonment at hard labor for not less than 30 years nor more than 60 years and to pay a fine of not less then $250,000.00 nor more than $600,000.00. Pursuant to Acts 2001, No. 402, § 4, the penalty for this offense was reduced to a term of imprisonment of not *1252 less than 15 years nor more than 30 years. The provisions regarding a fine remained the same. The effective date of the amendment is June 15, 2001. However, the reduction in sentence does not benefit the defendant. The defendant’s sentence is controlled by the penalty at the time of the offense and not that at the time of conviction. State v. Sugasti, 2001-3407 (La.6/21/02), 820 So.2d 518; State v. Drane, supra.
In this case, the trial court imposed the mandatory minimum sentence under La. R.S. 40:967(F). The defendant has failed to show that this sentence is unconstitutionally excessive as applied to him. The defendant | fihas made no showing that he is exceptional, justifying a downward deviation from the imposition of the mandatory minimum sentence. The defendant was convicted of possessing more than 400 grams of cocaine. In fact, he was in possession of and transporting many times the amount of cocaine required to trigger imposition of this serious penalty. Based upon the facts of this case, the sentence imposed is not excessive and is suitably tailored to both the offender and the offense.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Robert Lewis Hardy, Jr.
AFFIRMED.

. The defendant was specifically given credit for time served on this default time, but the record is not clear exactly how much time the defendant had spent in jail prior to his sentencing. If the defendant does owe some of this fine, but claims indigency when it is due, a hearing should be held to determine if he is financially able to pay.