MOORE, J.
11 Steven L. Enterkin appeals as excessive his sentence of 30 years at hard labor, the first 25 without benefits, arising from his conviction of one count of molestation of a juvenile, La. R.S. 14:81.2. For the reasons expressed, we affirm.
The incident occurred on August 19, 2006, when 21-year-old Enterkin was spending the evening with the 11-year-old victim’s mother at their house in Wisner, Louisiana. After drinking and having sex with the mother, Enterkin came out of the bedroom and into the living room, where the victim was sleeping on the couch. He lay down beside her, asked if she had a condom (she did not), performed oral and then anal sex on her, asked her not to tell anyone about it, and then returned to the mother’s bedroom. The victim did not report this until she told her grandmother in September 2008. Enterkin was arrested in January 2009. The indictment, filed March 12, 2009, charged him with aggravated rape that occurred “on or about July 14, 2006.” However, at a pretrial hearing in January 2010, the state amended the indictment, without objection, to recite that the offense occurred on August 19, 2006.
Enterkin went to trial on the aggravated rape charge over three days in January 2010. The 12-member jury found Enter-kin guilty of the lesser included offense of molestation of a juvenile.
Enterkin filed a motion that included a request for modification of verdict. The district court stated that the state had proved aggravated rape, but agreed that the evidence did not support a finding of force, violence, duress or the other essential elements of molestation of a juvenile. At the ^state’s suggestion, the court entered an amended verdict of guilty of sexual battery. It then sentenced Enterkin to 30 years at hard labor, the first 25 to be without benefit of parole, probation or suspension of sentence, and ordered him to register as a sex offender.
On initial appeal, this court found sufficient evidence to convict but reversed the modified verdict. State v. Enterkin, 45,655 (La.App. 2 Cir. 11/17/10), 56 So.3d 257. We reinstated the verdict of molestation of a juvenile and remanded for resentencing. After a hearing in November 2010, the district court again sentenced Enterkin to 30 years at hard labor, the first 25 to be without benefits, and sex offender registration. Enterkin made an oral motion to reconsider, which the court denied.
Enterkin now appeals, urging by one assignment of error that his sentence is excessive in light of the circumstances (he was barely 21 years old at the time of the offense, with no felony record) and the fact that the offense occurred just days after the legislature drastically increased the penalty for molestation of a juvenile. He shows that prior to August 15, 2006, La. R.S. 14:81.2 B provided a penalty of only 1 to 10 years at hard labor. However, 2006 La. Acts No. 103 added a new penalty provision, R.S. 14:81.2 E(l), whereby if the victim is under the age of 13, the sentence range is 25 to 99 years at hard labor, of which the first 25 must be without benefits. The amendment took effect August 15, 2006, a, mere four days before his offense. He argues that the close proximity of the amendment, and the ambiguous *477 evidence about the precise date of the offense, make the sentence excessive.
|sThe state responds that the sentence is not excessive, in that the evidence was (as the district court noted) sufficient to prove aggravated rape, which carries a mandatory life sentence; the victim had suffered emotional harm from this, her first sexual experience; and the district court meticulously justified the 30-year sentence in accordance with La. C. Cr. P. art. 894.1. The state also asserts that the applicable penalty is the one in effect at the time of the offense; Act 103 contained no “grace period” for offenders to adjust to the new, harsher penalty. The state urges affir-mance.
Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. ⅛ First the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. However, when the defendant files a motion to reconsider sentence that raises no “specific grounds” for reconsideration under La. C. Cr. P. art. 881.1, he is relegated to the bare claim of constitutional excessiveness. State v. Mims, 93-0808 (La.6/18/93), 619 So.2d 1059; State v. Jenkins, 45,873 (LaApp. 2 Cir. 1/26/11), 57 So.3d 405. Enterkin’s motion raised no specific grounds, only a general claim for reconsideration, so he is not entitled to review for compliance with Art. 894.1. We would note, however, that the district court was in full command of the factual basis, having sat through a three-day trial and, at the second sentence hearing, reading the PSI into the record almost in extenso.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/03), 623 So.2d 1276. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158. The sentencing court has broad discretion to sentence within the statutory limits; absent a showing of manifest abuse of that discretion, the appellate court will not disturb a legal sentence. Id.; State v. Givens, 45,354 (La.App. 2 Cir. 6/23/10), 42 So.3d 451, writ denied, 2010-1584 (La.1/14/11), 52 So.3d 902.
Thirty years is a long time, but we are constrained to observe that it is actually on the lower end of the 25- to 99-year range prescribed by R.S. 14:81.2 E(l). It appears to give adequate regard to the mitigating factors such as Enterkin’s youth, work history, absence of prior felonies, and the possibility (disclosed to the court at sentencing) that he might be the father of a child born shortly after he was jailed. On the other hand, the evidence would have supported the charged offense of aggravated rape; the victim has reported psychological problems; Enterkin had a poor probation record on two prior convictions of misdemeanor DWI; and he still denied his guilt, telling the court in a letter, “I never touched the young girl.” On this record, we do not find that the sentence imposed shocks the sense of justice or makes no reasonable contribution to acceptable penal goals.
Because the motion to reconsider did not assert the amendment to R.S. 14:81.2 as a specific ground for relief, we need not address the issue. Because of the dramatic increase in penalty exposure, however, we would |sreiterate that the victim testified the incident occurred “close to the time for school to start,” and the other *478 witnesses generally corroborated this. Her grandmother placed it sometime in August or September; her mother said it was between July 14 (the date the victim’s father died) and September 2006; her 15-year-old sister, who was in the house at the time, also recalled it as being after July 14; the state’s expert in child abuse, Dr. Meade O’Boyle, testified that the victim reported it happened in October 2006. On this testimony, this court has already found the evidence sufficient to prove the offense occurred on August 19, 2006. State v. Enterkin, supra at p. 5, 56 So.3d at 264.
As a general rule, the law in effect at the time of the commission of the offense determines the penalty which the convicted accused must suffer. State v. Dick, 2006-2283 (La.1/26/07), 951 So.2d 124; State v. Morrison, 45,620 (La.App. 2 Cir. 11/24/10), 55 So.3d 856. Recent cases are instructive, as they involved defendants who committed drug offenses shortly before new legislation drastically reduced the penalties for those offenses. See, e.g., State v. Parker, 2003-0924 (La.4/14/04), 871 So.2d 317; State v. Hardy, 36,666 (La.App. 2 Cir. 1/29/03), 836 So.2d 1249. In such cases, the courts have applied the law in effect at the time of the offense, and we decline to deviate from that precedent.
Finally, Enterkin argues that remand is necessary because the court failed to state precisely which version of the (frequently amended) sex offender registration statute applied. However, Enterkin admitted on the record that he received a handout detailing his registration requirements and | (¡that he understood them; he raised no objection. The failure to object waived any complaint about this aspect of the sentence. La. C. Cr. P. art. 841; State v. Roland, 36,786 (La.App. 2 Cir. 6/5/03), 850 So.2d 738, aff'd in part, rev’d on other grounds, 2003-1930 (La.1/16/04), 865 So.2d 692.
In addition to the assigned error, we have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, the conviction and sentence are affirmed.
AFFIRMED.
CARAWAY, J., concurs with written reasons.