499 So.2d 1252 (1986)
STATE of Louisiana
v.
Rudolph ANDERSON.
No. KA-5730.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Writ Denied March 26, 1987.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. *1253 Dist. Atty., Chris Toensing, Law Clerk, New Orleans, for plaintiff.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, BYRNES and LOBRANO, JJ.
BARRY, Judge.
The defendant was convicted of aggravated rape, La.R.S. 14:42, and aggravated burglary, R.S. 14:60, and received consecutive sentences of life imprisonment without benefit of probation, parole or suspension of sentence and thirty years.
Ms. Leola Johnson, age sixty-five, testified she was awakened by the defendant while sleeping in bed with her three young grandsons. She said the defendant punched her, pulled her clothes off, and threatened the sleeping children if she screamed. Ms. Johnson claimed she was raped four times before her grandson, Derek, a nine year old, woke up. Derek said the defendant was doing "push-ups" on his grandmother. The child pretended to go to the bathroom, then ran out of the house and summoned Curley Johnson, Ms. Johnson's son, who lived two doors away. Mr. Johnson testified he pulled the defendant off his naked mother, punched him and held him on the floor until the police arrived. A doctor and police officers stated Ms. Johnson had marks on her neck and breast. Tests for seminal fluid were negative.
The defendant denied raping Ms. Johnson and claimed that he had an epileptic seizure and probably entered the home to seek help.
The defendant contends the trial court erred by denying his special jury charge concerning penetration:
Ladies and gentlemen of the jury, I now charge you as to the law concerning penetration as an element of the completed crime of rape. You will recall that the statute, La.R.S. 14:41, defines rape as an act of vaginal or anal intercourse, and specifies that any penetration, however slight, is sufficient to constitute the completed act.
I charge you, however, that a mere touching of the sexual organs is not sufficient. The state has the affirmative burden of showing that the accused's penis actually penetrated not just the outer organs such as the labia, but actually penetrated the vagina.
He argues that because of the epileptic seizure it was impossible to have an erection and intercourse, thus penetration was impossible.
The trial court instructed the jury that:
Aggravated rape under Title 14 is described as follows: Rape is the act of sexual intercourse with a female person not the wife of or judicially separated from bed and board of the offender, committed without her lawful consent. Emission is not necessary, and any sexual penetration however slight is sufficient to complete the act.
To constitute the crime of rape carnal knowledge of a complainant by the defendant is essential. It is necessary, therefore, that there shall be some penetration of the female organ by the male. But, the rupture of the hyman is not necessary. The slightest penetration is sufficient.
La.C.Cr.P. Art. 807 in pertinent part provides:
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.
Sexual penetration is a term of common and generally accepted meaning. State v. Prestridge, 399 So.2d 564 (La. 1981). Any penetration, however slight, of the aperture of the female genitalia, even its external features, is sufficient. State v. Bertrand, 461 So.2d 1159 (La.App. 3rd Cir. 1984); writ denied 464 So.2d 314 (La.1985).
*1254 Defendant's special instruction is an incorrect statement of the law and would have required modification and further explanation. More importantly, the general charge clearly covered the required proof. State v. James, 431 So.2d 399 (La.1983); cert. denied 464 U.S. 908, 104 S.Ct. 263, 78 L.Ed.2d 247 (1983). This assignment has no merit.
The defendant claims double jeopardy because the grand jury charged him with "having committed an aggravated burglary by entering and then committing an aggravated battery." He argues the indictment limited the State to proving the battery upon Ms. Johnson which was not shown until she was hit and raped. Thus, by the time the State proved the burglary, it had also proven the rape.
Trying a defendant for both aggravated burglary and aggravated rape does not violate double jeopardy since these crimes do not contain the identical elements and are not based on the exact same conduct. State v. Kirkley, 470 So.2d 1001 (La.App. 1st Cir.1985); writ denied 475 So.2d 1105 (La.1985); cert. denied ___ U.S. ___, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986).
Defendant argues Kirkley is inapplicable because Kirkley's indictment did not limit the method of committing the burglary to a specific subsection of R.S. 14:60.[1] We disagree.
R.S. 14:60(3) provides that an aggravated burglary is completed when a battery is committed upon any person in such place. R.S. 14:33 defines a battery as "the intentional use of force or violence upon the person of another ..."
A battery was committed upon Ms. Johnson when the defendant punched her in the face. She testified that prior to the rape he "choked my tongue almost out of my head".
Aggravated rape is defined by R.S. 14:42 as:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Dubaz, 468 So.2d 554 (La.1985).
Although the victim's beating fulfills one element of both crimes, the battery does not fulfill the distinguishing elements of each, i.e., the unauthorized entry and sexual intercourse.
Louisiana also applies the "same evidence" test for double jeopardy when a defendant is charged with separate statutory crimes. If the evidence of one crime would also support conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. State v. Steele, 387 So.2d 1175 (La. 1980).
The evidence necessary to find the defendant guilty of aggravated burglary *1255 would not support his conviction for aggravated rape.
Defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] R.S. 14:60 in pertinent part provides:

Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.