799 So.2d 1165 (2001)
STATE of Louisiana, Appellee,
v.
Travis WHITE, Appellant.
No. 35,235-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
Rehearing Denied November 29, 2001.
*1167 Steven A. Hansen, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry Jones, District Attorney, Charles Brumfield, Assistant District Attorney, Counsel for Appellee.
Before GASKINS, KOSTELKA and DREW, JJ.
GASKINS, Judge.
The defendant, Travis White, was charged with simple robbery, conspiracy to commit simple robbery, and second degree battery. After his motion to quash one of the charges was denied, the defendant entered a Crosby plea on all three charges. He was sentenced to seven years for simple robbery, five years for second degree battery, and three and one half years for conspiracy to commit simple robbery; the trial court ordered that the sentences be served consecutively. The defendant now appeals. We affirm his convictions. However, we vacate his sentences and remand the matter for imposition of determinate sentences.

FACTS
On August 28, 2000, the defendant, along with Robert Jones and Anthony Lawson, made plans to rob the Bonne Idee Water Service Office in Mer Rouge, Louisiana. They drove to the office and waited until no customers were present. Wearing masks and gloves, the defendant and Jones went into the office where Jones grabbed a briefcase. When the victim, the only employee present at the office, began to scream, the defendant attacked her, beating her to the floor with blows to the face and head. Jones ran from the office with the briefcase, while the defendant continued to attack the victim. The defendant then ran from the office, and the three conspirators fled in a vehicle driven by Lawson. Upon discovering that the briefcase contained no money, the defendant threw it into a roadside ditch.
The victim attempted to call 911 after the suspects fled; however, the telephone lines had been ripped out by the perpetrators. She then drove to the police station to report the incident. The victim was taken to the hospital; she underwent reconstructive surgery for severe injuries to her face and jaw. A police investigation led to the defendant and his two co-conspirators, all of whom confessed.
Following his arrest for simple robbery, conspiracy to commit simple robbery, and second degree battery, the defendant filed *1168 a motion to quash the second degree battery charge on double jeopardy grounds.[1] The motion was denied. Thereafter, the defendant pled guilty to all three charges, but preserved his rights to appeal the denial of his motion to quash under State v. Crosby, 338 So.2d 584 (La.1976). The defendant received consecutive sentences of seven years for simple robbery, five years for second degree battery, and three and one half years for conspiracy to commit simple robbery. The defendant's motion to reconsider sentence was denied.
The defendant now appeals.

MOTION TO QUASH
By this assignment, the defendant contends the trial court erred in refusing to quash the indictment charging both simple robbery and second degree battery, claiming the indictment violated the double jeopardy provisions of the Louisiana and United States Constitutions. The defendant argues that if the state intended to try him for the crime of simple robbery, the charge of second degree battery should have been quashed. The defendant complains that he was accused of taking a briefcase from the victim and committing the act of second degree battery during the course of the robbery. The defendant claims that the state used the battery to prove the element of force necessary to establish simple robbery, thereby, causing multiple punishments for the same criminal act.
The state asserts that appellant could have been convicted of the simple robbery without having to show the battery occurred, and he could have been convicted of the second degree battery without having to show proof that the robbery ever took place. The state maintains that the crimes to which appellant entered pleas of guilty were separate and distinct from each other.

Law
Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and also to protect an accused against multiple punishment for the same conduct. State v. Vaughn, 431 So.2d 763 (La.1983).
Louisiana uses both the "Blockburger test" and the "same evidence test" in determining whether double jeopardy exists. La.C.Cr.P. art. 596; State v. Vaughn, supra. In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. This test was affirmed in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).
The "same evidence" test is a "broader test" than the federal Blockburger test. It was explained in State v. Steele, 387 So.2d 1175 (La.1980):
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. *1169 The test depends on the evidence necessary for conviction, not all the evidence introduced at trial ...

Discussion
In order to prove the crime of simple robbery, the state must prove beyond a reasonable doubt that the defendant acted in accordance with the circumstances listed in La. R.S. 14:65, i.e., "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon."
As to second degree battery, the state must prove beyond a reasonable doubt that the defendant perpetrated "a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury." La. R.S. 14:34.1.
The offenses of simple robbery and second degree battery do not contain identical elements. Simple robbery requires the taking of anything of value belonging to another from the person of another or that is in the immediate control of another; second degree battery does not require these elements. A conviction of simple robbery does not require proof of physical contact; second degree battery does require proof of infliction of serious bodily injury. La. R.S. 14:34.1 defines serious bodily injury as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." However, under the same evidence test, crimes need not be identical in elements in order for double jeopardy to apply. The crucial determination is whether the evidence necessary for a conviction of simple robbery was the same evidence necessary for a conviction of second degree battery, or vice versa.
In State v. Anderson, 499 So.2d 1252 (La.App. 4th Cir.1986), writ denied, 503 So.2d 490 (La.1987), the court held that prosecution for both aggravated burglary and aggravated rape did not constitute double jeopardy. In Anderson, the unarmed defendant punched the victim shortly before he raped her. Although the defendant's actions were part of one continuous course of conduct, the court held the evidence necessary to find the defendant guilty of aggravated burglary was not necessary to support his conviction for aggravated rape.
The present case is distinguishable from State v. Lockhart, 457 So.2d 176 (La.App. 2d Cir.1984), relied on by the defendant, in which this court sustained a plea of double jeopardy where the defendant was first convicted of aggravated burglary and the state later initiated a prosecution for attempted forcible rape after the reversal of the aggravated burglary conviction. The aggravated burglary charge required only that the state prove the intent to commit a felony, not the actual felony itself. However, the prosecution used the attempted forcible rape to establish another element of the crime of aggravated burglary, i.e., the commission of a battery. Thus, the same evidence was necessary for convictions on both charges.
In the instant case, the same evidence was not necessary for a conviction of both crimes because the crime of simple robbery was completed prior to the second degree battery. The robbery was a result of the "intimidating" nature of both the defendant and his co-conspirator rushing into the office, masked, and ripping out the telephone. Terrified by the sudden invasion of her office, the victim began to scream. The beating which constituted the second degree battery was a consequence of the victim's screams of fright, not as a result of or as a part of the robbery itself. The defendant pummeled *1170 the victim even after the co-conspirator had grabbed the briefcase and started to flee. The crimes of simple robbery and second degree battery were separate and distinct offenses. The defendant could have been convicted of the simple robbery purely as a principal without having to show the battery occurred, and he could have been convicted of the second degree battery without having to show proof that the robbery took place. Separate and distinct evidence was present for both crimes, and prosecution and conviction for both offenses did not subject the defendant to double jeopardy.
This assignment of error is without merit.

EXCESSIVE SENTENCES
The defendant argues that the record fails to support the imposition of three consecutive sentences. He contends that when the offenses are so closely connected as to be almost identical, it is unjust to impose a harsh and cruel penalty solely for the sake of punishment. The defendant claims that the trial court failed to consider all of the relevant factors, such as his lack of prior felony convictions and his good social history. The defendant argues that the trial court considered only the seriousness of the offenses and their impact on the victim and her family.
The state maintains that the sentencing judge weighed all facts prior to imposing the sentences. The state asserts that the judge felt that the risk to public safety was so great as to justify maximum consecutive sentences. Furthermore, the state claims that there was no abuse of the trial court's wide discretion in sentencing.
The offense of simple robbery is punishable by a fine of not more than $3,000, imprisonment, with or without hard labor, for not more than seven years, or both. La. R.S. 14:65. Conspiracy to commit simple robbery is punishable by a fine or imprisonment, or both, in the same manner as for the offense contemplated by the conspirators; but, such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for such offense, or both. La. R.S. 14:26. Second degree battery is punishable by a fine of not more than $2,000 or imprisonment, with or without hard labor, for not more than five years, or both. La. R.S. 14:34.1.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, supra; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). There is no requirement that specific matters be given any particular weight. State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641.
The second test is whether the sentence imposed is too severe depending *1171 on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
As a general rule, maximum sentences are appropriate in cases involving the most blameworthy or egregious of offenders. State v. Grissom, 29,718 (La. App.2d Cir.8/20/97), 700 So.2d 541.
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. La.C.Cr.P. art. 883.
It is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Maxie, 30,877 (La.App.2d Cir.8/19/98), 719 So.2d 104. Concurrent sentences arising out of a single course of conduct are not mandatory, State v. Pickett, 628 So.2d 1333 (La.App. 2d Cir.1993), writ denied, 94-0348 (La.5/20/94), 637 So.2d 476, and consecutive sentences under those circumstances are not necessarily excessive. State v. Ortego, 382 So.2d 921 (La.1980), cert. denied, 449 U.S. 848, 101 S.Ct. 135, 66 L.Ed.2d 58 (1980); State v. Nelson, 467 So.2d 1159 (La.App. 2d Cir.1985). All factors in the case are to be considered in choosing whether to impose consecutive or concurrent sentences. State v. Ortego, supra; State v. Maxie, supra. Among the factors to be considered are the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims and whether the defendant constitutes an unusual risk of danger to the public. State v. Maxie, supra; State v. Pickett, supra.
During sentencing, the trial court stated:
This is a heinous crime, one of the worst and unfortunately the District Attorney because of the way laws are written and because of the way the interpretations of the supreme court as to what they could charge you with, you were charged, entered a plea of guilty to the charges of simple robbery, conspiracy to commit simple robbery, and second degree battery. You heard what the lady said, broken jaws on the right side, left side, reconstruction, medical bills that will probably run into the thousands and thousands of dollars that they are going to have to find ways to pay for. It's traumatized not only the wife but the husband as well as their children.... But based on what I have seen in this case and what I can do as a judge, the only thing I can do is give the maximum sentence on each charge and I'm going to do that.
Examination of the record indicates that the trial court adequately considered all facts, including the presentence investigation. The court obviously felt that the risk to public safety was so great as to justify maximum consecutive sentences. The court's concern was justified under the facts of this case. The victim was viciously beaten, suffering severe and life-altering injuries which continue to plague her. As a result of the brutality inflicted upon this hapless woman, her family has also suffered considerable emotional distress. The defendant asserts that he is not "the worst of the worst," deserving of the maximum penalties. However, the trial court *1172 found that the defendant was, in fact, among the worst offenders; based upon this record, we must concur in the trial court's assessment.
The record does not demonstrate that the consecutive sentences imposed are grossly out of proportion to the seriousness of the offenses, or nothing more than a purposeless and needless infliction of pain and suffering. Viewed in light of the harm done to society, the defendant's sentences do not shock the sense of justice.
Accordingly, this argument is without merit.

ERROR PATENT
The trial court minutes indicate that the defendant's sentences were imposed at hard labor. In imposing sentence, the trial court stated:
But based on what I have seen in this case and what I can do as a judge, the only thing I can do is give the maximum sentence on each charge and I'm going to do that. On the simple robbery seven years in the penitentiary. On the conspiracy to commit simple robbery three and a half years. On second degree battery five years. All to run consecutive.
Thus, the transcript does not specify whether the sentences are to be served with or without hard labor. In a conflict between the minutes and the transcript, the transcript prevails. The penalty provision for each of the three offenses to which the defendant pled guilty provides for the sentence to be imposed either with or without hard labor. Because the trial court failed to state whether the sentences are to be served with or without hard labor, they are indeterminate and contrary to La.C.Cr.P. art. 879. State v. Bullitts, 99-515 (La.App. 3d Cir.11/3/99), 746 So.2d 260; State v. Guillory, 93-1226 (La.App. 3d Cir.11/2/00), 773 So.2d 794. Therefore, we must vacate the defendant's sentences and remand the case for the imposition of determinate sentences, wherein the trial court shall specify whether they are to be served with or without hard labor.
Additionally, our error patent review reveals that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief under La.C.Cr.P. art. 930.8. Upon remand, the trial court is directed to inform the defendant of the provisions of that article.

CONCLUSION
The defendant's convictions are affirmed. His sentences are vacated and the matter is remanded to the trial court for resentencing as specified in this opinion.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED.

APPLICATION FOR REHEARING
Before NORRIS, C.J., STEWART, GASKINS, KOSTELKA, and DREW, JJ.
Rehearing denied.
STEWART, J., would grant rehearing.
NOTES
[1] The defendant's co-defendants were each charged with simple robbery and conspiracy to commit robbery.