830 So.2d 478 (2002)
STATE of Louisiana, Appellee,
v.
Joyce McKENZIE, Appellant.
No. 36,580-KA.
Court of Appeal of Louisiana, Second Circuit.
October 23, 2002.
Wilson Rambo, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, William J. Edwards, J. Thomas Butler, Assistant District Attorney, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, C.J.,
Defendant, Joyce McKenzie, pled guilty to first degree robbery, a violation of La. R.S. 14:64.1, and received a sentence of 30 years at hard labor without benefit. Defendant has appealed her sentence as excessive. We affirm.

Discussion
On January 24, 2001, defendant and her co-defendant, April Wright, went to the Holy Cross Child Placement Agency in Shreveport, Louisiana, and robbed Margaret Heacock, the owner of that agency. Mrs. Heacock knew Ms. Wright from her participation in their child placement service. As Mrs. Heacock was unlocking the door to the business the morning of the robbery, Ms. Wright and defendant came up behind her and told her that they needed to talk to her. Once Mrs. Heacock got inside, they pushed her down onto the couch and Ms. Wright punched her in the head. Ms. Wright then put her hand under her own shirt, as if she had a weapon, and threatened to kill Mrs. Heacock. At *479 this point, defendant stuffed a paper towel into Mrs. Heacock's mouth and told her to remain quiet.
Defendant emptied Mrs. Heacock's purse and took $315 in cash, her cell phone, her wallet containing credit cards and the keys to her car. Ms. Wright took Mrs. Heacock into another room of the agency and forced her to write a check in the amount of $10,000. Mrs. Heacock was then handcuffed to a file cabinet and forced by the two women to forward the business phone to the cell phone they had taken from her.
Ms. Wright went to a local check cashing service that she frequented and presented the $10,000 check for payment. Because of the size of the check, the service called the bank the check was drawn on, verified that funds were available, then called the Holy Cross Child Placement Agency to verify that the check was valid. A black female answered the agency's phone, presumably defendant using the stolen cell phone which had the business phone forwarded to it, and informed the caller that the check was good.
Mrs. Heacock jerked the drawer she was handcuffed to out of the file cabinet and called the police. Mrs. Heacock had a photograph of April Wright in her files and provided this photo to the police. After hearing the story of the robbery on the news, an anonymous caller contacted the Shreveport Police Department and told them that defendant was likely the black female with April Wright during the robbery. Officers then showed a six-person photo lineup containing defendant's picture to Mrs. Heacock. She immediately identified defendant as the person who assisted Ms. Wright in the robbery.
Defendant and Ms. Wright were apprehended a month later in Dallas, Texas. On April 10, 2001, the state charged defendant and Ms. Wright with first degree robbery. On November 13, 2001, both defendants entered into a plea agreement with the state. Both defendants pled guilty to the instant charge, with sentencing dependent upon a pre-sentence investigation report. The state agreed to dismiss another charge of attempted first degree robbery against both defendant and Ms. Wright and a charge of cocaine possession against defendant. The state also agreed not to institute multiple offender proceedings against either defendant.
Defendant was sentenced to 30 years at hard labor without benefit by the court on February 26, 2002. Her motion to reconsider sentence was denied, and she appealed.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.04/02/97), 691 So.2d 345.
The PSI indicates that defendant has an extensive criminal history which began when she was a juvenile. Her adult record includes the following offenses and dispositions: 1979, simple drunk; 1982, theft reduced to attempted theft; 1985, aggravated battery upon brother (she shot him), charges dropped; 1987, simple burglary, pled guilty to attempted felony theft, two years probation; 1990, armed robbery, five years without benefit; 1994, simple battery, no disposition; 1997, simple burglary reduced to illegal possession of stolen things, two years; 2000, possession of cocaine, charge dismissed; 2001, instant offense; 2001, attempted first degree robbery, charge dismissed.
The court discussed defendant's poor history of parole supervision and noted that just days prior to the instant offense, defendant and Ms. Wright attempted to *480 rob a Citgo gas station in Shreveport. The store clerk, when confronted by defendant and Ms. Wright, pulled out a .45 caliber automatic and pulled the trigger repeatedly; however, the gun failed to fire, and they escaped.
Our review of the record leads us to conclude that defendant's 30-year hard labor sentence is not constitutionally excessive, considering defendant's extensive criminal history and the significant benefit she obtained from the state's agreement to drop two pending felony charges and not to charge her as a habitual offender.

Conclusion
For the reasons set forth above, we affirm defendant's conviction and sentence.