836 So.2d 1180 (2003)
STATE of Louisiana, Appellee,
v.
Steven W. SCOTT, Appellant.
No. 36,763-KA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
*1181 J. Wilson Rambo, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before GASKINS, CARAWAY and KOSTELKA, JJ.
CARAWAY, J.
The defendant was convicted of second-degree battery and sentenced to the maximum term of imprisonment, five years at hard labor. He argues that the trial court failed to comply with the requirements of La C.Cr.P. art. 894.1 and that the sentence was excessive. For the foregoing reasons, we affirm.

FACTS
The evidence adduced at trial shows that on January 1, 2000, the victim went with friends to Hamilton Lake, a park used by high school students as a place to congregate, drink and play music. The defendant, Steven W. Scott ("Scott"), was also present at Hamilton Lake. Scott and the victim did not know each other prior to this incident.
At the park, Scott confronted the victim and asked him if he wanted to fight. When the victim declined to fight, witnesses testified that Scott placed his hand in front of him as if he wanted to shake hands. Scott then combined that gesture with an insulting remark, apparently designed to start a fight. The victim kept both hands in his pockets during the entire confrontation and then turned away from Scott. Scott then struck the victim with his elbow and his fists, knocking him out and seriously injuring the victim's face.
The victim's facial injuries clearly indicate he was hit more than once. Scott gave a statement to the investigating police officer in which he admitted striking the victim five times; however, he subsequently denied this at trial. The pre-sentencing investigation report ("PSI") indicates that Scott described the punches as "a left elbow, a right hook, and a right cross," although the right cross did not connect because he was "too close" to the victim.
The victim had no memory of the events after the fight. He was taken by friends to the hospital, treated for the injuries to his mouth and face, and admitted overnight because he reported a period of unconsciousness. Medical bills and other expenses *1182 relating to this incident exceeded $15,000.00, some of which were covered by insurance.

Discussion
La. R.S. 14 § 34.1. Second degree battery
Second degree battery is a battery committed without the consent of the victim when the offender intentionally inflicts serious bodily injury.
For purposes of this article, serious bodily injury means bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death.
Whoever commits the crime of second degree battery shall be fined not more than two thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.
In this case, the defendant was charged with committing a battery that resulted in unconsciousness. The legal sufficiency of evidence to convict was not raised on appeal.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McKenzie, 36,580 (La.App.2d Cir.10/23/02), 830 So.2d 478; State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dallas, 36,397 (La.App.2d Cir.11/6/02), 830 So.2d 1113. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Strange, 28,466 (La.App.2d Cir.6/26/96), 677 So.2d 587; State v. Hudgins, supra. The court's recitation of reasons for sentence indicate that the court considered the entire PSI report.
Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Dallas, supra; State v. Tuttle, 26,307 (La. App.2d Cir.9/21/94), 643 So.2d 304.
As a general rule, maximum or near maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Gay, 36,357 (La. App.2d Cir.10/23/02), 830 So.2d 356; State v. Walker, 573 So.2d 631 (La.App. 2d Cir. 1991); State v. Madison, supra. A trial court is not required to render a suspended *1183 sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Strange, supra.
In State v. White, 35,235 (La.App.2d Cir.10/31/01), 799 So.2d 1165, the first-time felon pled guilty to simple robbery, conspiracy to commit simple robbery and second degree battery. White received a sentence of 5 years imprisonment for second-degree battery, along with 7 years imprisonment for simple robbery and 3.5 years imprisonment for conspiracy to commit simple robbery (all to run consecutively). The robbery victim in White, similar to the present victim, sustained serious facial injuries from the beating.
We find that the trial court adequately considered and articulated its reasons for imposing a five-year hard labor sentence on this defendant. The court considered Scott's family and educational history, including a history of discipline problems ultimately resulting in expulsion from an alternative school in the Ouachita Parish School System. The court referred to Scott's subsequent enrollment in West Monroe High School, from which he dropped out before completing high school. The court also referred to a history of employment, including Scott's employment at the time of sentencing.
The court further referred to Scott's experimentation with marijuana, and his statements that he does not presently use drugs or alcohol. The court noted Scott's history of juvenile delinquency and an adjudication for shoplifting, for which he was placed on probation. Most importantly, the trial court adverted to an offense, which occurred eight months after the instant offense, in which Scott got into a verbal altercation with others at West Monroe's Tutti Frutti Beach area. Scott then followed those persons to their residence where he invaded their home and committed simple battery (apparently upon two persons).
In addition, the trial court adverted to the aggravating factors present (deliberate cruelty involved in a "blindside" attack on another; use of violence; significant permanent injury [tooth loss and facial fractures]; economic loss). In referring to the defendant's training as a fighter, his desire to fight, and to his unrepentant attitude, the trial court stated that the conduct at issue was likely to occur again and that the defendant was in need of correctional treatment. Despite Scott's testimony that he tried to apologize and express remorse in an e-mail to a female friend of the victim, even a dispassionate reading of the cold record shows that the defendant was not remorseful about the incident, but instead was arguably proud of his fighting skills.
We find that the trial court's articulation was more than adequate.
The sentence imposed is harsh. However, the record before this court shows that the trial court had before it for sentencing an unrepentant offender, who committed a similar offense after the incident in question. He has a poor educational history, a minimal work history, and a clear history of engaging in violence. Without any significant provocation, he sought out the victim, tried to bait him into a fight, and when unsuccessful, blindsided and seriously injured him. He caused the victim and his family, and their insurer, to sustain economic loss. The trial court determined that this defendant's actions warranted a severe response, and it does not appear that the trial court has abused its great discretion in levying the sentence it imposed.[1]

*1184 Conclusion

For the reasons stated herein, we find that the trial court properly complied with the requirements of La.C.Cr.P. art. 894.1 and that the sentence is not excessive. Therefore, the sentence of the defendant, Steven W. Scott, is affirmed.
AFFIRMED.
NOTES
[1] We note that the defendant, although sentenced to serve the maximum amount of time in prison, did not receive the maximum sentence in this case because he was not fined $2,000.