NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-429


STATE OF LOUISIANA

VERSUS

CHAD E. JONES


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C15418
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and J. David Painter, Judges.


AFFIRMED.


Van Hardin Kyzar
District Attorney
P. O. Box 838
Natchitoches, LA 71458-0838
(318) 357-2214
Counsel for Plaintiff/Appellee:
State of Louisiana

Mark Owen Foster
Louisiana Appellate Project
P. O. Box 2057
Natchitoches, LA 71457
(318) 572-5693
Counsel for Defendant/Appellant:
Chad E. Jones

**Chad E. Jones**
**A. C. C. E.V.H.P. - D1**
**1630 Prison Road**
**Cottonport, LA 71327**
**Counsel for Defendant/Appellant:**
**Chad E. Jones**

**Chad E. Jones**
**A. C. C. E.V.H.P. - D1**
**1630 Prison Road**
**Cottonport, LA 71327**
**Counsel for Defendant/Appellant:**
**Chad E. Jones**

**EZELL, Judge.**

Defendant, Chad E. Jones, was charged by a grand jury with one count of aggravated rape, a violation of La.R.S. 14:42, and one count of aggravated burglary, a violation of La. R.S. 14:60. A jury trial commenced on September 14, 2010, and on the same date, Defendant was found guilty as charged. On September 24, 2010, Defendant was sentenced to life imprisonment on the conviction for aggravated rape, without the benefit of parole, probation, or suspension of sentence, and to fifteen years at hard labor on the conviction for aggravated burglary, to be served consecutively to the life term. Defendant did not file a motion to reconsider the sentences.

Defendant has perfected a timely appeal. He raises one assignment of error: "The conviction of Mr. Jones for aggravated rape and aggravated burglary violated his federal and state constitutional protections against double jeopardy".

For the following reasons, Defendant's convictions for aggravated rape and aggravated burglary did not constitute a double jeopardy violation, and we affirm those convictions.

## FACTS

E.A. testified that on the evening of April 4, 2009, she was alone in her apartment watching television when there was a knock at the door. She answered the door. Defendant, standing outside the door, asked her if a certain person was home. She told him that there was no one by that name living there. Defendant then pushed the door all the way open and forced himself into the apartment. He pushed her into the bedroom and down onto the bed. He held her hands over her head with one hand, and with the other hand he took a hatchet out of the back of his pants. He told her that she had better stay still or he was going to hit her with the hatchet. Regardless, she continued struggling, so he put the hatchet down on the bed to use both hands to restrain her. She grabbed the hatchet, and while struggling over the hatchet, they fell off the bed. At this time, the blade of the hatchet cut her on the thigh. Defendant

gained control over the Victim, put her back on the bed, and attempted to stuff a rag in her mouth. He ripped her underwear off and penetrated her vagina with his penis. After he ejaculated, he got up. E.A. jumped out of the bed and attempted to escape, but he grabbed her in "a headlock" and forced her into the kitchen. He then opened a kitchen window and jumped out.

## ASSIGNMENT OF ERROR

Defendant contends that in order to have proved the aggravated burglary, the State had to prove the rape, thereby violating Defendant's right against double jeopardy. The double jeopardy statute states: "No person shall be twice put in jeopardy of life or liberty for the same offense[.]" La.Code Crim.P. art. 591. "Aggravated burglary is the unauthorized entering of any inhabited dwelling . . . with the intent to commit a felony or any theft therein, if the offender, . . . [c]ommits a battery upon any person while in such place . . . ." La.R.S. 14:60. A battery is defined as "the intentional use of force or violence upon the person of another[.]" La.R.S. 14:33. Defendant argues that the State had argued at trial that the rape was the battery component of the offense of aggravated burglary.

In *State v. Jacobs*, 07-1370, pp.4-5 (La.App. 3 Cir. 6/5/08), 987 So.2d 286, 289-90, *writ denied*, 08-2000 (La. 4/3/09), 6 So.3d 769, (quoting from *State v. Cloud*, 06-877 (La.App. 3 Cir. 12/13/06), 946 So.2d 265, *writ denied*, 07-86 (La. 9/21/07), 964 So.2d 331)(alteration in original), wherein the defendant was convicted of aggravated burglary and forcible rape, this court discussed double jeopardy:

> In *State v. Barton*, 02-163, pp. 17-18, (La.App. 5 Cir. 9/30/03), 857 So.2d 1189, 1201-02, *writ denied*, 03-3012 (La.2/20/04), 866 So.2d 817, the court summarized the two tests used by Louisiana courts use [sic] in examining violations of double jeopardy as follows:
>
> > The "distinct fact" test, commonly referred to as the *Blockburger* test, is taken from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) as follows:

2

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
>
> *Accord, State v. Knowles*, 392 So.2d 651, 654 (La.1980).

The second test is the "same evidence" test. In *State v. Steele*, 387 So.2d 1175, 1177 (La.1980), the Louisiana Supreme Court explained that test as follows:

> If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial . . . .

The "same evidence" test is broader than *Blockburger*, "the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct." *State v. Steele*, 387 So.2d at 1177. Although the Louisiana Supreme Court has accepted both the *Blockburger* test and the same evidence test, it has principally relied on the "same evidence" test to evaluate double jeopardy claims. *State v. Miller,* 571 So.2d 603, 606 (La.1990).

In the current case, in brief, Defendant argued:

Counsel is mindful of this Honorable court's recent rulings, finding that the convictions for aggravated rape and aggravated burglary do not violate a defendant's protection against double jeopardy. *State v. Davis,* 09-1061 (La.App. 3 Cir. 04/07/10), 36 So.3d 351; *State v. Archield*, 09-1116 (La. App. 3 Cir. 04/07/10), 34 So.3d 434 [*writ denied*, 10-1146 (La. 5/20/11), 63 So.3d 972)]. Both cases held that the defendants were not subjected to a double jeopardy violation when they were convicted of both aggravated burglary and aggravated rape. But, both those cases, and some of the cases cites [sic] therein can be distinguished.

3

In *Davis*, cited by Defendant above, wherein the defendant was found guilty of both aggravated rape and aggravated burglary, this court did not rely on the rape as the battery component of the aggravated burglary. Instead, this court noted that a separate battery occurred after the rape when the offender, an ex-boyfriend, asked the victim if her new boyfriend was coming over and then slapped her several times. In *Archield*, the ex-boyfriend first committed domestic violence upon the victim and then raped her. Accordingly, there were two separate offenses. In the current case, Defendant argues that unlike *Davis* and *Archield*, the evidence showed that he unlawfully entered the premises with the intent to commit rape, and no separate battery occurred other than the rape.

In *State v. Mills*, 505 So.2d 933 (La.App. 2 Cir.), *writ denied*, 508 So.2d 65 (La.1987), the defendant entered the victim's house through a window. Once in the house, he armed himself with a butcher's knife and sought out the victim, who was sleeping. He accosted her, and when she attempted to escape, he cut her. He continued to cut her until she acquiesced, and he proceeded to rape her several times. He also robbed her. The second circuit stated:

> As the state need only prove intent to commit a felony within the victim's home at the moment of unauthorized entry and not the actual felony itself, it is apparent that the crimes of aggravated burglary and aggravated rape do not contain identical elements. *State v. Anderson*, 343 So.2d 135 (La.1977); *State v. Kirkley*, 470 So.2d 1001 (La.App. 1st Cir.1985), *writ den.*, 475 So.2d 1105 (La.1985). In addition, in this case, evidence necessary to support a finding of guilty of aggravated burglary would not also have supported conviction of aggravated rape. The state was only required to prove one of the three aggravating circumstances listed in LSA-R.S. 14:60 and the record clearly indicates defendant entered the victim's residence and armed himself with a dangerous weapon after entering.

Id. at 940.

In *State v. Anderson*, 499 So.2d 1252 (La.App. 4 Cir. 1986), *writ denied*, 503 So.2d 490 (La.1987), the defendant entered the home of the sixty-five-year-old victim at night while the household slept. He awoke the victim, punched her, pulled her

4

clothes off, and threatened her sleeping grandchildren if she screamed. He proceeded to rape her. He was convicted of aggravated rape and aggravated burglary. On appeal, the defendant argued the convictions constituted double jeopardy. The fourth circuit disagreed and stated:

> Trying a defendant for both aggravated burglary and aggravated rape does not violate double jeopardy since these crimes do not contain the identical elements and are not based on the exact same conduct. *State v. Kirkley*, 470 So.2d 1001 (La.App. 1st Cir.1985); *writ denied* 475 So.2d 1105 (La.1985); cert. denied — U.S. —, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986).

> Defendant argues *Kirkley* is inapplicable because Kirkley's indictment did not limit the method of committing the burglary to a specific subsection of R.S. 14:60. We disagree.

> R.S. 14:60(3) provides that an aggravated burglary is completed when a battery is committed upon any person in such place. R.S. 14:33 defines a battery as "the intentional use of force or violence upon the person of another . . ."

> A battery was committed upon Ms. Johnson when the defendant punched her in the face. She testified that prior to the rape he "choked my tongue almost out of my head".

> . . . .

> Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Dubaz*, 468 So.2d 554 (La.1985).

> Although the victim's beating fulfills one element of both crimes, the battery does not fulfill the distinguishing elements of each, i.e., the unauthorized entry and sexual intercourse.

Id. at 1254 (footnote omitted).

Finally, in *State v. Robertson*, 511 So.2d 1237 (La.App. 2 Cir. 1987), *writ denied*, 516 So.2d 366 (La.1988), the defendant entered the victim's home at night when she was in bed. The victim attempted to escape, but he struck her with something that was hard. He demanded to know where her money was located. He took money from her purse and warned her he would be in the house. He threatened

to kill her if she moved.  Minutes later, he returned to the bedroom and raped the victim.  The victim testified that she thought he had a weapon, so she did not resist him. He was convicted of aggravated rape and aggravated burglary. The second circuit did not find double jeopardy under the facts of this case, stating:

> The crimes of aggravated burglary and aggravated rape do not contain identical elements.  The crime of aggravated burglary requires the element of an unauthorized entry;  aggravated rape does not. The crime of aggravated rape requires sexual intercourse; aggravated burglary does not.  However, under the same evidence test, crimes need not be identical in elements in order for double jeopardy to apply.  The crucial determination is whether the evidence necessary for a conviction of aggravated burglary was the same evidence necessary for a conviction of aggravated rape, or vice versa.
>
> In *State v. Anderson*, 499 So.2d 1252 (La.App. 4th Cir.1986), writ denied, 503 So.2d 490 (La.1987), the court held that prosecution for both aggravated burglary and aggravated rape does not constitute double jeopardy.  In *Anderson*, as in the present case, the unarmed defendant punched the victim shortly before he raped her. Although the defendant's actions were part of one continuous course of conduct, the court held the evidence necessary to find the defendant guilty of aggravated burglary would not support his conviction for aggravated rape.
>
> In the instant case, the same evidence was not necessary for a conviction of both crimes because the crime of aggravated burglary was complete when the defendant entered the residence, struck the victim, and demanded her money.  The rape, however, did not occur until after the defendant had twice struck the victim in the head, stolen her money, exited the bedroom, and re-entered minutes later. The crimes of aggravated burglary and aggravated rape were separate and distinct offenses, requiring separate and distinct evidence for conviction, and prosecution for both did not subject defendant to double jeopardy.
>
> . . . .
>
> Here, evidence of the aggravated rape was not necessary for conviction of aggravated burglary since the aggravating circumstance was established by evidence that the defendant struck the victim twice while attempting to steal money from her. Although the defendant committed another battery upon the victim when he raped her, this subsequent battery was not necessary to establish the aggravating circumstance because the aggravated burglary had already occurred.  The same evidence, therefore, was not necessary for conviction of both crimes.

Id. at 1241-42.

Of the cases cited above, the case most analogous to the current case is *Anderson*, wherein the apparent intent of the illegal entry was to commit rape. The defendant in *Anderson* punched and choked the victim before committing the act of rape. There was no evidence of a theft, as in *Jacobs* or *Robertson*, although Defendant was armed with a dangerous weapon, as in *Mills*. As noted above, the fourth circuit in *Anderson* had no problem finding that there was not a double jeopardy violation, stating that "[a]lthough the victim's beating fulfills one element of both crimes, the battery does not fulfill the distinguishing elements of each, i.e., the unauthorized entry and sexual intercourse." *Anderson*, 499 So.2d at 1254.

In the current case, as in *Anderson*, it is apparent from the facts that Defendant intended to commit a rape, a felony, when he entered the apartment. However, there were no beatings or choking to force the rape. The injury received by the victim, the slash to her thigh, was inflicted during the struggle. It is clear in *Davis* and *Archield* that the State did not have to rely on the rape to fulfill one of the components of the offense of aggravated burglary. Defendant made an unlawful entry armed with a dangerous weapon, the hatchet. La.R.S. 14:60(1). Further, after the completion of the rape, the Victim jumped out of the bed and attempted to escape. Defendant grabbed her in a choke hold and forced her into the kitchen, thereby committing a separate battery on the Victim.

There is no merit to this assignment of error. Defendant unlawfully entered the apartment, armed with a dangerous weapon, with the intent to rape the Victim. Following the completion of the rape, Defendant grabbed the Victim by the neck as she attempted to escape and forced her into the kitchen. He committed a distinct violent and forceful act against the Victim which constituted the battery committed following the unauthorized entry into the Victim's apartment.

## CONCLUSION

The convictions for aggravated rape and aggravated battery are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules-Courts of Appeal. Rule 2-16.3.