NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-741

STATE OF LOUISIANA

VERSUS

JACOB D. OWEN

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74663
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

Edward K. Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT/APPELLANT:
    Jacob D. Owen

**Asa A. Skinner**
**District Attorney**
**Terry W. Lambright**
**Assistant District Attorney**
**Thirtieth Judicial District**
**P. O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PETERS, J.**

The defendant, Jacob D. Owen, appeals the sentence imposed on him for his conviction of the offense of cruelty to a juvenile, a violation of La.R.S. 14:93. His sentence was initially deferred by the trial court, but was imposed after several violations resulted in the revocation of his probation. For the following reasons, we affirm the sentence in all respects.

The State of Louisiana (state) initially charged the defendant by bill of information with second degree cruelty to a juvenile, a violation of La.R.S. 14:93. The defendant's plea to the lesser and included charge of cruelty to a juvenile came about as a result of a plea agreement with the state. At the hearing wherein the defendant entered his plea, the state provided the trial court with the following factual basis for the charge:

> The State, Judge, believes that it can prove that back on July 11, 2007, this defendant was in the care – providing the care of an eighteen-month-old child by the name of [T.B.],[1] that at that time, - around ten o'clock that morning, Mr. [Owen] alleges that he was giving a bath to the child and the child slipped out of his arms and slammed face first into the tub – to the bottom of the tub, causing injuries to the, the minor child. As the child was presented to Byrd Regional Hospital, there were doctors that were implying that this minor child had sustained non-accidental trauma. The child was subsequently airlifted to Schumpert up in Shreveport, Louisiana where again it was diagnosed that this child had suffered from non-accidental trauma. From the time of the injury to the child at ten o'clock that morning till six o'clock that evening the child was maintained in the care of this defendant who did not submit this child to the hospital. During that period of time, the child had substantial injuries. The child has made a full recovery. But, based upon the actions of this defendant, we believe that, that provides the elements necessary to constitute this offense.

Pursuant to the plea agreement, the trial court deferred the imposition of sentence pursuant to La.Code Crim.P. art. 893 and placed the defendant on supervised probation for a period of five years. In addition to the general

---

[1] Pursuant to La.R.S. 46:1844(W), the minor victim shall be referred to only by his initials.

conditions of probation imposed by law, the trial court also imposed special conditions on the defendant: (1) that he pay a $1,000.00 fine and all court costs during the term of probation,[2] and (2) that he have no contact with the victim absent the consent of the victim's parent.

The state filed the initial bill of information on June 16, 2008, the defendant entered his guilty plea to the reduced charge on June 3, 2009, and the trial court sentenced the defendant on that same date. The defendant next appeared before the trial court on January 12, 2012, being charged with a violation of his probation. At that time, the trial court continued his probation, but warned the defendant that any further violation would likely result in the revocation of his probation. The defendant did not take advantage of this second chance. Instead, he again violated the terms of his probation, and on March 27, 2015,[3] the trial court revoked his probation, ordered a presentence investigation report, and set the defendant's sentencing for April 22, 2015.

At the March 27, 2015 probation hearing, the defendant admitted that he made no payments on either his supervisory fees or sex-offender technology fees since May 11, 2010; that he failed to make a full and truthful report or report to his probation officer in the last two months of 2012, eight of the twelve months of 2013, all of 2014, and in January of 2015; and that he made no payment on his court-ordered fines and court costs since May 11, 2009.

At the April 22, 2015 sentencing hearing, the trial court sentenced the defendant to serve ten years at hard labor and to pay a $1,000.00 fine. The

---

[2] The trial court ordered that the fine and costs be paid through a payment plan at a minimum rate of $50.00 per month.

[3] We note that while the state initially filed an affidavit requesting that the defendant's probation be revoked in December of 2013, and the trial court issued a warrant for his arrest in January of 2014, it was not until January of 2015, that the defendant was finally arrested on the probation proceedings giving rise to the revocation judgment.

2

defendant subsequently filed a motion to reconsider the sentence wherein he asserted that the trial court erred in imposing an excessive sentence by (1) "failing to give due consideration to defendant's age, employment history, [and] lack of criminal history while on probation"; (2) "failing to give due consideration to the desires of the victim and/or the wishes of the victim's legal guardian";(3) improperly considering the economic harm suffered by the victim and/or his family; (4) relying on an "insufficiently prepared Presentence Investigation Report"; and (5) revoking the defendant's probation "not due to his willful disobedience or disrespect of the court but because he is poor."  The trial court denied this motion on May 13, 2015, and this appeal followed that denial.

## OPINION

In his sole assignment of error, the defendant asserts that the trial court did not give sufficient consideration to the factors set forth in La.Code Crim.P. art. 894.1 in sentencing him, and this failure resulted in a constitutionally excessive sentence.

In sentencing the defendant on April 22, 2015, the trial court stated the following:

> The factors that I considered is – are this:  There was potential economic harm caused to the victim or to the victim's family.  I don't know if medical bills were paid by third parties fully or not.  I suspect not.  There are no substantial grounds which would tend to excuse or justify his criminal conduct.  He did not act under strong provocation by the victim or others.  He's forty years of age.  He's divorced and has two children – an eighteen-year-old daughter and a two-year-old son.  He's in relatively good health.  He does have Leukemia he claims but it is in remission.  He has worked in the past as an oilfield worker.  He has a tenth grade education and has earned a GED.  As far as consideration of probation, the Court has noted that I tried that and it didn't work; and so, that is not really a viable option for the Court at this time as far as I am concerned.  He only has a DWI in 1993 on his record other than this charge.  And, at the time that he was – he was – the plea was taken, he was originally charged with second degree cruelty to a juvenile, which as I noted was an

3

aggravated charge and he pled to the reduced charge. The original charge exposed him to a forty-year sentence, but the agreement was to plead to this lesser charge and there was a recommended prison sentence of ten years in that case at that time if the court imposed a prison sentence. Now, the reason they reduced this in part was to reduce his exposure but also the, the charge that he ultimately pled up – pled to was not considered under Title 14 as a crime of violence which kind of surprised me – only the aggravated charge – or second degree cruelty to a juvenile is listed as a crime of violence. This one is not. So, it would affect his eligibilities for things such as parole and good-time consideration and the amount of time he would have to serve on any prison sentence. The sentence of the Court, considering all these things, is that you serve ten years at hard labor with [the] Louisiana Department of Corrections and pay a fine of one thousand dollars plus court costs.

While these reasons do not specifically address the factors found in either La.Code Crim.P. art. 894.1(A) or La.Code Crim.P. art. 894.1(B), it has long been held that the trial court need not refer to every aggravating and mitigating circumstance in complying with La.Code Crim.P. art. 894.1, as long as the record affirmatively reflects that adequate consideration was given by it to the codal guidelines in particularizing the defendant's sentence. *State v. Smith*, 433 So.2d 688 (La.1983). As stated in *State v. Scott*, 36,763, p. 3 (La.App. 2 Cir. 1/29/03), 836 So.2d 1180, 1182:

> The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So.2d 1049 (La.1981); *State v. Strange*, 28,466 (La.App. 2d Cir.6/26/96) 677 So.2d 587; *State v. Hudgins*, [519 So.2d 400 (La.App. 2 Cir. 1988), *writ denied*, 521 So.2d 1143 (1988)].

In considering the defendant's argument on appeal, we need not consider whether the trial court adequately complied with La.Code Crim.P. art. 894.1, because we recognize (as did the trial court) that the defendant's sentence was imposed in conformity with a plea agreement set forth at the time of his guilty

4

plea.[4]  That being the case, La.Code Crim.P. art. 881.2(A)(2) prohibits the defendant from challenging his sentence on appeal.[5]  We find no merit in his assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the defendant's sentence in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

---

[4] While the trial court did not mention the ten-year sentence agreement, the defendant's counsel noted that the agreed-upon sentence was "[t]en years suspended – five years supervised probation and a fine of a thousand dollars."

[5] Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides that "[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."